# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| KELLEY M. KAUFFMAN, | ) | Case No. 1:25-CV-00886 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **ORDER & OPINION** |
| Defendant. | ) | |

On May 2, 2025, Plaintiff Kelley M. Kauffman ("Kauffman") filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's denial of her application for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Medicare Qualified Government Employee ("MGQE"). ECF 1. The Court referred the case to Magistrate Judge Jonathan D. Greenberg for preparation of a report and recommendation ("R&R") under 42 U.S.C. § 405(g) and Local Rule 72.2(b). On February 17, 2026, Magistrate Judge Greenberg issued the R&R and recommended the Court vacate and remand the Commissioner's decision. ECF 17.

The Commissioner filed an objection on March 3, 2026, alleging that the Magistrate Judge erred in reversing the administrative law judge's ("ALJ") conclusions on whether the Kauffman's impairments met or were medically equivalent to Listing 14.06. ECF 18; *see also* 20 C.F.R. § 404 subpt. P, app. 1, Listing 14.06. The Court requested a response from Kauffman, who filed one on March 20, 2026. ECF 19. After reviewing the record, briefings, and the R&R, the Court finds the Commissioner's denial is not supported by substantial evidence, so the Court overrules the

Commissioner's objection and adopts the R&R. Accordingly, the Court **VACATES** the ALJ's decision and **REMANDS** the case for proceedings consistent with this opinion and the Magistrate Judge's R&R.

## I.       Relevant Background

On October 25, 2022, Kauffman filed her application for POD, DIB, and MQGE, alleging a disability onset date of July 9, 2021. Tr. 14, 92.[1] Her application was denied initially and upon reconsideration. *Id.* 14. Kauffman then requested a hearing before an ALJ on July 7, 2023. *Id.* The ALJ held a hearing on December 4, 2023. *Id.* 14. At the hearing, Kauffman was unrepresented by counsel. Notably, Kauffman provided substantial medical records documenting both chronic severe fatigue and malaise. *See* ECF 17 at 24-25, 27 (R&R collecting well over a dozen references to malaise spanning a period of at least six years and predating the amended onset date). On January 11, 2024, the ALJ issued a written decision, finding Kauffman was not disabled. Tr. 14-37.

In Step 2 of the five-part analysis required to determine whether a claimant is disabled, the ALJ found that Kauffman had, *inter alia*, undifferentiated connective tissue disease ("UCTD"), as a severe impairment. *Id.* 21. A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). At Step 3, however, the ALJ found that Kauffman's UCTD did not "meet[] or medically equal[] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526)." Tr. 21. The ALJ noted that he considered "all potentially

---

[1] The transcript of proceedings before the Social Security Administration ("SSA") is at ECF 7. All page references to the transcript refer to the SSA's numbering in the lower-right corner, and not the ECF PageID number added to the header upon filing with this Court.

applicable listed impairments but gave particular attention to the following most pertinent listing:

14.06, *Undifferentiated and mixed connective tissue disease*.” *Id.* (italics in original).

Listing 14.06 defines Undifferentiated and Mixed Connective Tissue Disease as follows:

> 5. Undifferentiated and mixed connective tissue disease (14.06).
>
> a. General. This listing includes syndromes with clinical and immunologic features of several autoimmune disorders, but which do not satisfy the criteria for any of the specific disorders described. For example, you may have clinical features of SLE and systemic vasculitis, and the serologic (blood test) findings of rheumatoid arthritis.
>
> b. Documentation of undifferentiated and mixed connective tissue disease. <u>Undifferentiated connective tissue disease is diagnosed when clinical features and serologic (blood test) findings, such as rheumatoid factor or antinuclear antibody (consistent with an autoimmune disorder) are present but do not satisfy the criteria for a specific disease.</u> Mixed connective tissue disease (MCTD) is diagnosed when clinical features and serologic findings of two or more autoimmune diseases overlap.

20 C.F.R. § 404 subpt. P, app. 1, Listing 14.00D5 (emphasis added). To satisfy the requirements

of Listing 14.06, a claimant must have undifferentiated or mixed connective tissue disease as

described above and the following:

> A. Involvement of two or more organs/body systems, with:
>
> > 1. One of the organs/body systems involved to at least a moderate level of severity; and
> >
> > 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
>
> or
>
> B. Repeated manifestations of undifferentiated or mixed connective tissue disease, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> > 1. Limitation of activities of daily living.
> >
> > 2. Limitation in maintaining social functioning.

3

> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

*Id.*, Listing 14.06.

Listing 14.00C2 defines constitutional symptoms or signs, as follows:

> 2. Constitutional symptoms or signs, as used in these listings, <u>means severe fatigue, fever, malaise, or involuntary weight loss</u>. Severe fatigue means a frequent sense of exhaustion that results in significantly reduced physical activity or mental function. Malaise means frequent feelings of illness, bodily discomfort, or lack of well-being that result in significantly reduced physical activity or mental function.

*Id.*, Listing 14.00C2 (emphasis added).

After finding that Kauffman's UCTD was a severe impairment, the ALJ applied the requirements of Listing 14.06 to Kauffman's manifestations of UCTD. In doing so, the ALJ noted that

> the objective medical signs from physical examinations and the results of diagnostic laboratory testing in the record do not meet the specific criteria of this most directly applicable immune system disorders listing, and the evidence does not reasonably support a finding that the claimant's impairments medically equal its criteria of that of any other listed impairment (SSR 17-2p).

Tr. 21-22. The ALJ also held that

> neither alternative severity criterion (A or B) of Listing 14.06 is met because of neither chronically experienced nor repeated manifestations of UCTD being associated with the requirement of at least two of the constitutional symptoms of severe fatigue, fever, malaise, and involuntary weight loss, <u>with the latter three not reported in the medical evidence</u>.

*Id.* 22 (emphasis added).

## II.     Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made.

4

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review of the Commissioner's decision is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the entire record to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.*, *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court cannot resolve conflicts in evidence or decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). However, if the ALJ commits a reversible error, the court must reverse and remand, "even if the factual determinations are otherwise supported by substantial

evidence and the outcome on remand is unlikely to be different." *Kalmbach v. Comm'r of Soc. Sec.,* 409 Fed.Appx. 852, 859 (6th Cir. 2011); *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 545–46 (6th Cir. 2004).

### III.    Law and Analysis

In their objection, the Commissioner argues that the Magistrate Judge erred in suggesting that there was a substantial question as to whether Kauffman satisfied Listing 14.06. *See generally* ECF 18. Though the Commissioner concedes that the ALJ did, in fact, mistakenly note that malaise was not reported in the record, the Commissioner contends that Kauffman still did not have at least two of the required constitutional symptoms or signs. Specifically, the Commissioner alleges that the ALJ only determined Kauffman's severe fatigue to be of "moderate severity." ECF 18, at 2-3 (citing Tr. 30). Thus, the Commissioner contends, any failure by the ALJ to adequately evaluate the medical evidence of malaise is harmless error. *Id.* at 5.

However, as the Magistrate Judge noted in his R&R, the Sixth Circuit rejected harmless error review in an analogous case where "the ALJ provided 'no analysis whatsoever' as to whether [claimant's] physical impairments met Listing 1.02, 'despite his introduction concluding that they did not.'" ECF 17, at 28-29; *Harvey v. Comm'r of Soc. Sec.*, Case No. 16-3266, 2017 WL 4216585, at *6 (6th Cir. Mar. 6, 2017) (quoting *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011)). This is because, "[i]n order to conduct a meaningful review, the ALJ must make sufficiently clear the reasons for [their] decision." ECF 17, at 24 (citing *Reynolds*, 424 F. App'x at 416-17); *see also Harvey*, 2017 WL 4216585, at * 5 ("In assessing whether a claimant meets a Listing, the ALJ must 'actually evaluate the evidence,' compare it to the requirements of the relevant Listing, and provide an 'explained conclusion, in order to facilitate meaningful judicial review.'" (quoting *Reynolds*, 424 F. App'x at 416)); *Joseph v. Comm'r of Soc. Sec.*, Case No. 17-4158, 2018 WL 3414141, at *4 (6th Cir. July 13, 2018) (same). And "[w]here the record raises a

6

'substantial question' as to whether a claimant could qualify as disabled under a listing, an ALJ must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment." ECF 18, at 24 (citing *Reynolds*, 424 F. App'x at 414-15).

To establish the presence of a "substantial question," the claimant must point to specific evidence on the record that demonstrates that they reasonably could meet the requirements of the Listing. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014). Here, Kauffman demonstrated that there is sufficient evidence on the record to find both severe fatigue and malaise, which together would satisfy Listing 14.06. Indeed, the ALJ himself found there was a "substantial question" as to whether Kauffman suffered from severe fatigue. *See* Tr. 22 (holding that only "fever, malaise, and involuntary weight loss" were "not reported in the medical evidence," thereby implicitly acknowledging that there was medical evidence of severe fatigue); *id.* 24-35 (discussing Kauffman's medical evidence of fatigue in significant depth as part of a full symptom evaluation to determine Kauffman's Residual Function Capacity). And the Commissioner concedes that the record is replete with medical evidence of malaise (even if many, if not most, of the described instances predate the alleged onset date). ECF 18, at 2-3; *see also* ECF 17, at 27 (R&R collecting over a dozen references throughout the administrative record). Accordingly, the ALJ was bound to "actually evaluate the evidence, compare it to . . . the Listing, and give an explained conclusion" as to exactly <u>why</u> the evidence failed to satisfy those requirements. *Reynolds,* 424 F. App'x at 416.

The Commissioner argues that this failure to properly consider and explain why the malaise requirement was or was not satisfied is harmless error because the ALJ determined elsewhere that "the medical evidence and . . . claimant's activities do not support the degree of alleged fatigue."

ECF 18, at 2-3 (quoting Tr. 30). And even if the ALJ had considered the evidence of malaise, the Commissioner argues "the records are of limited value because 'evidence that predates the alleged onset of disability is of limited relevance." *Id.*, at 4 (quoting *Gore v. Comm'r of Soc. Sec.*, Case No. 5:20-cv-341, 2021 WL 3673196, at *4 n.3 (N.D. Ohio Aug. 19, 2021) (cleaned up)). However, as the Magistrate Judge pointed out, a district court is not permitted to "speculate[] what the ALJ may have concluded had he considered the medical evidence under the criteria in [the Listing]." *Harvey*, 2017 WL 4216585, at *6 (citing *Thomas v. Colvin*, 826 F.3d 953, 959 (7th Cir. 2016). Courts "must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also Harvey*, 2017 WL 4216585, at *7 ("When an ALJ fails to make a determinative and necessary finding of fact in a sequential step, a reviewing court should not 'fill that gap.'"). "Because the ALJ committed an error of law," the Court must vacate and remand, "even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different." *Harvey*, 2017 WL 4216585, at *7 (quoting *Reynolds*, 424 F. App'x at 414).

The Commissioner's objection to the R&R's finding that "even if the ALJ adequately considered Listing 14.06, the decision should be remanded because the ALJ did not address Plaintiff's reports of malaise in the RFC analysis" is equally unavailing. ECF 18, at 5. The Court may not speculate what findings of fact the ALJ may have made had he properly considered the malaise evidence in the record. Further, it is well established that an ALJ may not ignore or overlook contrary lines of evidence. *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 880 (N.D. Ohio 2011) (citing *Bryan v. Comm'r of Soc. Sec.*, 383 F. App'x 140, 148 (3d Cir. 2010) ("The ALJ has

an obligation to 'consider all evidence before him' when he 'mak[es] a residual functional capacity determination,' and must also 'mention or refute [...] contradictory, objective medical evidence' presented to him.")); *see also* 20 C.F.R. § 404.1520(a)(3) (requiring that an ALJ "will consider <u>all</u> evidence in your case record" when making a determination whether a claimant is disabled (emphasis added)).

**IV.     Conclusion**

After considering the arguments raised, the R&R, and the underlying record, the Court hereby **OVERRULES** the Commissioner's objection. Magistrate Judge Greenburg' R&R is **ADOPTED**. The Commissioner's final decision is hereby **VACATED AND REMANDED** for further proceedings consistent with this opinion.

     **IT IS SO ORDERED.**

Dated: April 10, 2026

*s/ Dan Aaron Polster*
United States District Judge